United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESSIE R. NELSON,<br><br>        Plaintiff(s),<br><br>v.<br><br>HARTFORD LIFE INSURANCE CO.,<br><br>        Defendant(s).<br>_____/ | No. C-13-04196 CRB (DMR)<br><br>**ORDER GRANTING IN PART THIRD PARTY PLAINTIFF'S MOTION TO DEEM OBJECTIONS WAIVED AND REQUESTING SANCTIONS [DOCKET NO. 57]** |

    Before the court is Third Party Plaintiff Hartford Life Insurance Co.'s ("Hartford") motion to deem Third Party Defendant Juliana James's objections to Hartford's interrogatories waived. [Docket No. 57.] The court held a hearing on the matter on September 25, 2014. For the following reasons, the court grants Hartford's motion to deem the objections waived and denies the request for sanctions.

**I. Discussion**

    Hartford served its first set of interrogatories on James on April 1, 2014. Accordingly, her responses and/or objections were due on May 5, 2014. (Hazlehurst Decl., Aug. 13, 2014, ¶ 2 Ex. A.) On May 9, 2014, after the responses were due, James's counsel requested an extension to June 1, 2014 to serve responses. Harford's counsel agreed to the extension, which the parties confirmed by email. (Hazlehurst Decl. ¶ 3 Ex. B.) James did not serve her interrogatory responses by June 1, 2014, nor did her counsel request an additional extension of time. On June 5, 2014, in response to

Hartford's inquiries, James's counsel stated that Hartford would receive the responses by June 9 or 10, 2014. Harford's counsel responded that all objections to the interrogatories had been waived due to the failure to serve timely responses. (Hazlehurst Decl. ¶ 4 Ex. C.)

James finally served her interrogatory responses on Hartford on June 10, 2014. The responses included objections to seven of the fifteen interrogatories even though the responses were late. (Hazlehurst Decl. Ex. D (Interrogatory Responses).) Hartford subsequently asked James to withdraw her objections on the grounds that they had been waived by James's late responses. James refused. (Hazlehurst Decl. ¶¶ 6, 7.)

On August 13, 2014, Hartford filed the present motion to deem James's objections to its first set of interrogatories waived and requested sanctions. James's opposition to the motion was due on August 27, 2014 (*see* Docket No. 62), but she did not file anything by that date. On September 15, 2014, the court received a letter from James's counsel, stating that Hartford's motion should be denied because James's objections "were and are inconsequential" and asserting that each interrogatory was completely and fully answered. [Docket No. 67.]

Federal Rule of Civil Procedure 33 provides that a party must serve responses and any objections to interrogatories within 30 days after being served with the discovery. Fed. R. Civ. P. 33(b)(2). Failure to timely respond to discovery requests generally constitutes a waiver of any objections thereto. *See* Fed. R. Civ. P. 33(b)(4) ("[a]ny ground [for objecting to an interrogatory] not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 ("failure to object to discovery requests within the time required constitutes a waiver of any objection."). Pursuant to Rule 37, a party may move for an order compelling responses to discovery. Fed. R. Civ. P. 37(a)(3)(B). For purposes of this rule, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). If the court grants the motion, it shall require the party whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred in making the motion, including attorneys' fees, unless the failure to respond was substantially justified. Fed. R. Civ. P. 37(a)(5)(A).

Here, it is undisputed that James served her responses to interrogatories on June 10, 2014, nine days after they were due pursuant to the parties' agreement. Further, James has not shown good cause for her failure to timely serve responses. Accordingly, all objections to the interrogatories are waived, as James's counsel conceded at the hearing. *See* Fed. R. Civ. P. 33(b)(4) ("[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure").

As to the completeness of the responses, James's counsel represented at the hearing that despite her objections, James's responses to the interrogatories were complete and included all responsive information known to James as of the date of the responses; in other words, the substantive responses to the interrogatories would be the same in the absence of any objections. Hartford's counsel conceded that he believed the responses were complete, notwithstanding the asserted objections. Accordingly, as the responses were complete as of the date they were served, the court concludes that James's responses were not "evasive or incomplete" pursuant to Rule 37(a)(4), and the sanctions provision of Rule 37(a)(5)(A) does not apply. Therefore, Hartford's request for sanctions is denied. At the hearing, Hartford asked the court to impose sanctions pursuant to its inherent authority, but as Hartford only sought Rule 37 sanctions in its motion, the court declines to consider this request. However, the court expresses concern regarding both the conduct which necessitated this motion, which could have been avoided had counsel agreed to withdraw the untimely objections upon Hartford's request, as well as the fact that James's response to the motion was itself untimely. By no later than October 9, 2014, James shall serve supplemental responses to Hartford's first set of interrogatories that do not include any objections and that reflect any new, responsive information learned through discovery. Going forward, upon learning new information in the course of discovery that is responsive to the interrogatories, James shall supplement her responses within two weeks of learning such information, in compliance with her obligations under Rule 26. *See* Fed. R. Civ. P. 26(e) ("party who has . . . responded to an interrogatory . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect").

**II. Conclusion**

For the foregoing reasons, Hartford's motion to deem James's objections to its first set of interrogatories waived is granted. Hartford's request for sanctions is denied.

IT IS SO ORDERED.

Dated: September 29, 2014



DONNA M. RYU
United States Magistrate Judge

4